1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL
DIVERSITY,

          Plaintiff,

    v.

DIRK KEMTHORNE et al.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

1:08-cv-1490 AWI GSA

SCHEDULING ORDER (Fed. R. Civ. P. 16)

Administrative Record due : 4/1/09

Motion To Supplement Administrative
Record : 4/22/09

Opposition To Motion to Supplement
Administrative Record : 5/6/09

Reply for Motion to Supplement
Administrative Record : 5/13/09

Status Conference : May 26, 2009
Time : 9:30 am
Location: Courtroom 10

I.      **Date of Scheduling Conference**

      January 6, 2009

II.      **Appearances of Counsel**

      Justin Augustine appeared telephonically on behalf of Center for Biological

1

1    Diversity. ("Plaintiff").

2    Clifford Stevens appeared telephonically on behalf of Defendant Dirk Kempthorne and

3    U.S. Fish and Wildlife Service ("Defendants).

4    **III.    The Pleadings**

5    *A. Plaintiff's Contentions :*

6            The Center for Biological Diversity ("the Center") is seeking declaratory and

7    injunctive relief in connection with Defendants' alleged violations of  the Endangered

8    Species Act, 16 U.S.C. §§ 1531-1544 ("ESA").   Plaintiff alleges that the Secretary of the

9    Interior ("Secretary") and the United States Fish and Wildlife Service ("Service")

10   (collectively "Defendants") have violated the ESA by failing to designate adequate

11   critical habitat for the endangered Buena Vista Lake shrew, in order to ensure the

12   conservation and recovery of the species.  16 U.S.C. § 1533(a)(3).  Endangered and

13   Threatened Wildlife and Plants; Proposed Designation of Critical Habitat for the Buena

14   Vista Lake Shrew, 69 Fed. Reg. 51417 (August 19, 2004); Endangered and Threatened

15   Wildlife and Plants; Final Rule to Designate Critical Habitat for the Buena Vista Lake

16   Shrew (Sorex ornatus relictus), 70 Fed. Reg. 3439 (January 24, 2005).  Plaintiff alleges

17   that Defendants' failure to issue a legally sufficient critical habitat designation for the

18   Buena Vista Lake shrew violates Section 3 and Section 4 of the ESA.  16 U.S.C. §§

19   1532(5)(A) and 1533(a)(3)(A).  Plaintiff specifically alleges that Defendants' violations

20   include, but are not limited to:  failing to designate sufficient critical habitat to conserve

21   the species; improperly relying on an invalid regulation; failing to quantify and analyze

22   the economic and other benefits of designating critical habitat for the Buena Vista Lake

23   shrew; improperly attributing costs associated with listing the species and other costs to

24   the designation of critical habitat; improperly including speculative costs; and failing to

25   consider the likelihood of the extinction of the Buena Vista Lake shrew.  16 U.S.C. §

26   1533(b)(2).

27

28                                                    2

*Defendants Contentions :*

In their Answer, which will be filed on January 7, 2008, Defendants expect to maintain in this case that the Service's critical habitat designation was reasonable and complies with the ESA and the Administrative Procedures Act ("APA"), 5 U.S.C. §551 et seq.

The parties do not anticipate amendments to the pleadings at this time.  Any amendments to the pleadings shall be filed no later than **February 28, 2009.**

**IV.    Factual Summary**

*A.    Uncontested and Contested Facts:*

This case will be decided on the basis of an administrative record.  Plaintiff reserves the right to advance the use of extra-record evidence.  Defendants reserve the right to object to the use of extra-record evidence.

**V.    Summary of Undisputed and Disputed Legal Issues:**

The Plaintiff maintains that the court has subject matter jurisdiction over its claims pursuant to the citizen suit provisions of the Endangered Species Act ("ESA") (16 U.S.C. §§ 1540(c) and (g)) and the general federal question statute (28 U.S.C. § 1331). Plaintiff also maintains that venue is proper in this district because the species occurs here, and that the applicable laws are the ESA and the APA.  Defendants have not yet filed their answer and reserve the right to challenge jurisdiction and venue.

The legal issues in dispute concern the Defendants' compliance with the ESA including, but not limited to: inclusion of certain costs in the balancing of economic considerations for a critical habitat exclusion under the statute; whether certain areas were properly excluded where Plaintiff alleges that they require special management; and whether Defendants designated sufficient critical habitat to conserve the species.

**VI.    Consent to the Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented in writing to

conduct all further proceedings in this case, including trial, before the Honorable Gary S.

Austin, U.S. Magistrate Judge.

**VII.   Discovery Plan and Cut-Off Date**

This case is an action for review on an administrative record. Accordingly, it is

exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Fed. R.

Civ. P. 26(a)(1)(E)(i).  There has been no discovery to date and the parties do not

anticipate that there will be any discovery in this case.  Plaintiff, however, reserves the

right to conduct discovery pursuant to any applicable exceptions allowing the use of

extra-record evidence.  Defendants reserve the right to object to any discovery, on the

basis that the review is limited to the record, and therefore the discovery is barred, or on

other grounds.

**VIII.   Motion Deadlines and Trial Issues**

This case is likely to be disposed of by dispositive Cross-Motions for Summary

Judgment.  Therefore, no pre-trial conference or trial date will be set as this time.  In the

event that the case proceeds to trial, it is anticipated that any trial will be a court trial.

 The parties have agreed to the following initial schedule for this case:

**April 1, 2009** - Administrative Record Filed.

**April 22, 2009** - Any Motions to Supplement Administrative Record.

**May 6, 2009** - Oppositions to Motions to Supplement Administrative Record.

**May 13, 2009** - Replies for Motions to Complete or Supplement Administrative

Record.

A status conference will be held on **May 26, 2008 at 9:30** in Courtroom 10 at

which time a briefing schedule for Motions for Summary Judgment will be set.  If no

Motions to Supplement the Administrative Record will be filed and the parties wish to

advance the status conference, the parties may notify the court.  One week prior to the

status conference, the parties shall submit a joint proposed briefing schedule to expedite

4

the setting of dates.

**IX.     Settlement Conference**

A settlement conference has not been scheduled as the parties are currently exploring settlement.   However, in the event that a settlement conference is set in the future, unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms[1] at the conference.

The Court has indicated that in-house counsel for Defendant need not appear in person at the Settlement Conference, but shall be available by telephone for purposes of the Settlement Conference.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers by email to gsaorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement should not be filed with the Clerk of the Court nor served on any other party, although the parties may file a Notice of Lodging of Settlement Conference Statement.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  The parties are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

---

[1] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements.  To the extent possible, the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

The Confidential Settlement Conference Statement shall include the following:

  A.  A brief statement of the facts of the case.

  B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

  C.  A summary of the proceedings to date.

  D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

  E.  The relief sought.

  F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

Should the parties desire an additional settlement conference, they will jointly request one of the court, and one will be arranged.  In making such request, the parties are directed to notify the court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

**X.** **Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

The parties have not requested bifurcation.

**XI**. **Related Matters Pending**

The parties have not identified any related matters.

**XII.** **Compliance with Federal Procedure**

The parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto.  The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for

6

failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIII.   Effect of this Order**

      The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable to dispose of this case.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.  Failure to comply with this order may result in the imposition of sanctions.

**IT IS SO ORDERED.**

**Dated:**   **January 7, 2009**             **/s/ Gary S. Austin**
                                        **UNITED STATES MAGISTRATE JUDGE**