JOHN C. CRUDEN
Acting Assistant Attorney General
Environment & Natural Resources Division

JEAN E. WILLIAMS, Chief
LISA L. RUSSELL, Assistant Chief
CLIFFORD E. STEVENS, JR., Trial Attorney (D.C. Bar # 463906)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, DC 20044-7369
Telephone: (202) 353-7548
Facsimile: (202) 305-0275
clifford.stevens@usdoj.gov

**Counsel for Defendants**


LISA T. BELENKY, State Bar No. 203225
lbelenky@biologicaldiversity.org
JUSTIN AUGUSTINE, State Bar No. 235561
jaugustine@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 x307
Facsimile:  (415) 436-9683

**Counsel for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>  Plaintiff,<br><br>v.<br><br>KEN SALAZAR, ET AL.,<br><br>  Defendants. | Case No. 1:08-CV-01490-AWI-GSA |

**STIPULATED SETTLEMENT AGREEMENT**

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff the Center for Biological Diversity ("Plaintiff") and Defendants Ken Salazar, in his capacity as

Secretary of the United States Department of the Interior[1]/ and the United States Fish and Wildlife Service ("Service") (collectively, "Defendants"). Plaintiff and Defendants (referred to as "Parties" or "Party," as appropriate, for purposes of the Agreement), by and through their undersigned counsel, state as follows:

WHEREAS, on January 24, 2005, the Service published a final rule designating critical habitat for the Buena Vista Lake Shrew under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1533 et seq.  Endangered and Threatened Wildlife and Plants; Final Rule to Designate Critical Habitat for the Buena Vista Lake Shrew (Sorex ornatus relictus), 70 Fed. Reg. 3438 (Jan. 24, 2005) ("Final Rule");

WHEREAS, on August 28, 2007, Plaintiff sent the Service a 60-day notice of intent to sue with regard to the Final Rule;

WHEREAS, on October 2, 2008, Plaintiff filed a complaint for declaratory and injunctive relief in the U.S. District Court for the Eastern District of California, challenging the Final Rule;

WHEREAS, on January 7, 2009, Defendants filed an answer to Plaintiff's complaint, denying that the Final Rule was unlawful;

WHEREAS, the Parties, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to the Plaintiff's claims or the merits of the Final Rule, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's complaint; and

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN PLAINTIFF AND DEFENDANTS AS FOLLOWS:

1.    The Service shall within ninety days of the effective date of this Agreement submit to the Federal Register for publication a new proposal to designate critical habitat for the Buena

---

[1]/    Pursuant to Fed. R. Civ. P. 25(d), Ken Salazar is substituted as a defendant for Dirk Kempthorne.

1 Vista Lake Shrew. The geographic area of the proposed designation shall be the same as the
2 geographic area identified in the August 19, 2004, proposed critical habitat rule for the Buena Vista
3 Lake Shrew, set forth at 69 Fed. Reg. 51417 (Aug. 19, 2004). On or before March 22, 2012, the
4 Service shall submit to the Federal Register for publication a final determination on the proposed
5 rule.

6     2. Until the effective date of the final determination referenced in paragraph 1, the
7 existing Final Rule and designation of critical habitat for the Buena Vista Lake Shrew shall remain
8 in full force and effect. Endangered and Threatened Wildlife and Plants; Final Rule to Designate
9 Critical Habitat for the Buena Vista Lake Shrew (Sorex ornatus relictus), 70 Fed. Reg. 3438 (Jan.
10 24, 2005).

11     3. The Parties may seek to modify the deadlines specified in Paragraph 1 for good cause
12 shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either
13 of the Parties believes that the other Party has failed to comply with any term or condition of this
14 Agreement, that Party shall use the dispute resolution procedures specified in Paragraph 4 below.

15     4. The Order entering this Agreement may be modified by the Court upon good cause
16 shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the
17 Parties filed with and approved by the Court, or upon written motion filed by one of the Parties with
18 the Court. In the event that either of the Parties seeks to modify the terms of this Agreement,
19 including the deadlines for the actions specified in Paragraph 1, or in the event of a dispute between
20 the Parties arising out of or relating to this Agreement, or in the event that either of the Parties
21 believes that the other Party has failed to comply with any term or condition of this Agreement, the
22 Party seeking the modification, raising the dispute or seeking enforcement shall provide the other
23 Party with notice of the claim. The Parties agree that they will meet and confer (either
24 telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim
25 before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either
26 Party may seek relief from the Court.

27     5. Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to
28 pay Plaintiff's reasonable attorneys' fees and costs pursuant to section 11(g) of the ESA, 16 U.S.C.

1  § 1540 (g). Defendants therefore agree to settle all of Plaintiff's claims for costs and attorneys' fees
2  in this matter for a total of $5,335.92. A check will be made payable in that amount to Center for
3  Biological Diversity. Defendants will forward payment to Lisa Belenky, Center for Biological
4  Diversity, 351 California Street, Suite 600, San Francisco, CA 94104. Defendants agree to submit
5  all necessary paperwork for the processing of the attorneys' fee award to the Department of the
6  Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days
7  of receipt of the court order approving this Agreement.

8        6.      Plaintiff agrees to accept payment of $5,335.92 in full satisfaction of any and all
9  claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in this matter through
10 and including the date of this Agreement.

11       7.      Plaintiff agrees that receipt of this payment from Defendants shall operate as a release
12 of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of
13 this Agreement.

14       8.      Plaintiff reserves the right to seek additional fees and costs incurred subsequent to
15 this Agreement arising from a need to enforce or defend against efforts to modify the underlying
16 schedule outlined in Paragraph 1 or for any other continuation of this action. By this Agreement,
17 Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel,
18 including the hourly rate, in any future litigation or continuation of the present action. Further, this
19 Agreement as to attorneys' fees and costs has no precedential value and shall not be used as
20 evidence in any other attorneys' fees litigation.

21       9.      Subject to the qualifications in Paragraph 10, no provision of this Agreement shall
22 be interpreted as, or constitute, a commitment or requirement that Defendants take action in
23 contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or
24 regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit
25 or modify the discretion accorded to the Service by the ESA, the APA, or general principles of
26 administrative law with respect to the procedures to be followed in making any determination
27 required herein, or as to the substance of any final determination.

28       10.     No provision of this Agreement shall be interpreted as, or constitute, a commitment

1  or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act,
2  31 U.S.C. § 1341. On this issue, Plaintiff asserts that this Agreement does not create a conflict with
3  the Anti-Deficiency Act because the Anti-Deficiency Act would not excuse compliance with a
4  pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails
5  to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants
6  reserve all legal and equitable defenses to any argument by Plaintiff that the Anti-Deficiency Act
7  does not apply to non-discretionary duties required by the ESA.

8      11.    Nothing in this Agreement may be cited by either party in connection with any other
9  administrative or judicial proceeding in order to demonstrate acquiescence to the time deadlines
10 provided in this Agreement or for any other reason.

11     12.    The Parties agree that this Agreement was negotiated in good faith and that this
12 Agreement constitutes a settlement of claims that were denied and disputed by the Parties. By
13 entering into this Agreement, the Parties do not waive any claim or defense.

14     13.    The undersigned representatives of each Party certify that they are fully authorized
15 by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this
16 Agreement and do hereby agree to the terms herein.

17     14.    The terms of this Agreement constitute the entire agreement of the Parties with regard
18 to Plaintiff's claims in the above-captioned case, and no statement, agreement or understanding, oral
19 or written, which is not contained herein, shall be recognized or enforced.

20     15.    The terms of this Agreement shall become effective upon entry of an order by the
21 Court ratifying the Agreement.

22     16.    Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint
23 shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties
24 hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance
25 with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen
26 v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

27                                 Respectfully submitted,
28

| | | |
|---|---|---|
| 1 | | JOHN C. CRUDEN |
| 2 | | Acting Assistant Attorney General<br>Environment and Natural Resources Division |
| 3 | | |
| 4 | | JEAN E. WILLIAMS, Chief<br>LISA L. RUSSELL, Assistant Chief |
| 5 | | |
| 6 | Dated: July 9, 2009 | By: */s/ Clifford E. Stevens, Jr.*<br>CLIFFORD E. STEVENS, JR., Trial Attorney |
| 7 | | Counsel for Defendants |
| 8 | | |
| 9 | Dated: July 9, 2009 | By: */s/ Lisa T. Belenky*<br>LISA T. BELENKY<br>Center for Biological Diversity |
| 10 | | |
| 11 | | Counsel for Plaintiff |

- 6 -

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

KEN SALAZAR, ET AL.,

    Defendants.

Case No. 1:08-CV-01490-AWI-GSA

## PROPOSED ORDER

The terms and conditions of the Stipulated Settlement Agreement filed by Plaintiff Center for Biological Diversity and Defendants Ken Salazar, Secretary of the United States Department of the Interior; and United States Fish and Wildlife Service on July 9, 2009 are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: _____         _____
                                            UNITED STATES MAGISTRATE JUDGE